UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLSTATE INSURANCE COMPANY,

Plaintiff,

v.

BROWNS POINT CHIROPRACTIC CENTER, P.S., a Washington Professional Service Corporation, DONALD L. FINLAYSON, D.C. and JANE DOE FINLAYSON, husband and wife; RICKY S. WALDNER and JACKIE WALDNER, his wife,

Defendants.

CASE NO. 3:10-cv-05607-KLS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

The Defendants, Browns Point Chiropractic Center and Finlayson, ask this Court to exercise its discretion and dismiss the Plaintiff's claim which seeks relief under the Declaratory Judgment Act, 28 U.S.C. 2201(a). ECF No. 29. The Plaintiff opposes the motion. ECF No. 33. Based on its review of the pleadings, the Court concludes that it should not exercise its discretionary jurisdiction under the Declaratory Judgment Act (DJA) and therefore GRANTS the motion to dismiss.

**FACTS OF THE CASE**

Dr. Finlayson is a licensed chiropractor who operates Browns Point Chiropractic Center in Tacoma. Ricky Waldner was treated by Dr. Finlayson in 2007 for injuries related to an auto accident. In 2009 Ricky Waldner sued Dr. Finlayson, Browns Point Chiropractic Center, and his lawyer (for the automobile accident), in Pierce County Superior Court, alleging that they negligently "failed to inform and assist" him in filing an application for worker's compensation benefits within the time allowed. ECF No. 1-2. Ricky and Jackie Waldner filed a Second Amended Complaint for Damages on February 18, 2010. ECF No. 34-1

Dr. Finlayson tendered the *Waldner* action to Allstate, his commercial general liability insurer, and to NCMIC Insurance Co., his professional liability insurer. Both insurers issued reservation of rights letters but also agreed to provide a defense pursuant to the reservation of rights.

On August 26, 2010 Allstate filed its Complaint for Declaratory Judgment with Respect to Insurance Coverage in this court. Federal jurisdiction is based on diversity of citizenship. Allstate seeks a determination from this Court "that there is no coverage under the Allstate policy for any claims against Dr. Finlayson and Browns Point Chiropractic arising out of or related in any way to the claims or transactions described in the Waldner second amended complaint." ECF No. 1, p. 8. Ricky and Jackie Waldner are the only Defendants who have filed an Answer to this DJA. They have not asserted any cross claims or counter claims.

On September 29, 2010 NCMIC filed a claim in state court seeking declaratory relief against Finlayson, Browns Point Chiropractic Center, Ricky and Jackie Waldner and John A. Dodge. ECF No. 34-6. NCMIC Insurance seeks a declaration from the Superior Court that it does not have a duty to defend or afford policy benefits to the named defendants "as it relates to

1 the prosecution, defense and any duty to indemnify any judgment" arising out of the Waldner's

2 second amended complaint for damages.  ECF No. 34-6, p. 10.

3      On November 15, 2010 Finlayson and Browns Point Chiropractic Center filed their

4 Answer to the NCMIC State Court Complaint and included a Third Party Complaint against

5 Allstate Insurance Company.  In its Third Party Complaint, they assert that:

6    [t]he resolution of whether Allstate has an obligation to defend and/or indemnify
   Finlayson would involve adjudication of factual and legal matters that are in dispute
7    and/or could prejudice Finlayson in the underlying *Waldner* action.  Therefore, Finlayson
   seeks a declaration that the determination of whether Allstate has a duty to defend and/or
8    indemnify Finlayson should be stayed pending resolution of the underlying *Waldner*
   action.
9

10 ECF No. 34-7, p. 10.

11      Finlayson and Browns Point Chiropractic Center also seek:

12    a declaration that Allstate has a duty to defend Finlayson in the *Waldner*
   action, a duty to indemnify Finlayson for the full amount of any liabilities
13    incurred by Finlayson, whether by settlement or judgment, in the Waldner
   action.  Finlayson also seeks an award of damages for the full amount of any
14    liabilities incurred by Finlayson, whether by settlement or judgment, in the
   Waldner action.
15

16 ECF No. 34-7, -. 10.

17                   **SUMMARY OF THE LAW**

18      The Declaratory Judgment Act, 28 U.S.C. § 2201(a), states

19    In a case of actual controversy within its jurisdiction … any court of the
   United States, upon the filing of an appropriate pleading, *may* declare the
20    rights and other legal relations of any interested party seeking such
   declaration whether or not further relief is or could be sought.  Any such
21    declaration shall have the force and effect of a final judgment or decree
   and shall be reviewable as such.
22

23 (emphasis added).  The parties all agree that retention of this case under the Declaratory

24 Judgment Act is discretionary with this Court.

1     "The 'philosophic touchstone' for the district court in considering whether to exercise its discretion to retain jurisdiction over a declaratory judgment action lies in the factors enumerated by the supreme Court in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *See Dizol*, 133 F.3d at 1225. 'The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. *Id.*" *American Casualty company of Reading, Pennsylvania v. Krieger,* 181 F.3d 1113, 1118 (9th Cir. 1999).

The Ninth Circuit Court of Appeals also noted, in *Dizol*, that

> [t]he *Brillhart* factors are not exhaustive. We have suggested other considerations, such as "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Keans,* 15 F.3d at 145 (J. Garth, concurring).

*Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

### DISCUSSION

Initially Allstate argues that it is not a proper third party defendant in the state case pursuant to Washington's Civil Rules "and the claims relating to coverage should not be heard in that case." ECF No. 33, p. 8. That issue is a matter solely for determination by the state court in the state court case. Clearly Allstate is free to bring such a motion and depending on the results of that motion, may or may not come back to federal court.

Next, the Court must consider the *Brillhart* factors.

**Court should avoid needless determination of state law issues:** The relief requested by Allstate in this case is the same relief, although on the opposite side of the coin, as requested by Browns Point Chiropractic Center and Finlayson in their Third Party Complaint against

Allstate filed in the state court case. Both sides want a declaration regarding coverage including the duty to defend and indemnify. Allstate comes to the federal court based on diversity of citizenship. In such a case, Washington law provides the rule of decision for all of the substantive questions. Moreover, the substantive questions presented require consideration of insurance law peculiar to Washington State. There is no compelling federal interest.

**Court should discourage litigants from filing declaratory actions as a means of forum shopping.** At the time Allstate filed this federal declaratory judgment action there was no parallel state court case pending. Allstate filed this case on August 26, 2010. The state case involving coverage issues was not filed by NCMIC until September 29, 2010 and it was not until November 15, 2010 that Allstate was added to the state case as a Third Party Defendant. Allstate asserts that it had the right to file in federal court and that Finlayson and Browns Point Chiropractic Center are the ones who are involved in forum shopping. On the other hand, Finlayson and Browns Point Chiropractic Center assert good reasons for having the coverage issues of both insurers resolved in the same case before the same judge. The Court concludes that this is a neutral factor in determining whether the Court should retain jurisdiction of this case under the DJA.

**Court should avoid duplicative litigation.** The Court concludes that the claim by Allstate in this case is parallel to the Third Party claim of Finlayson and Browns Point Chiropractic Center in their Third Party Complaint. As noted above, the issue before both courts as to Allstate is whether its insurance policy provides coverage. The advantage, in state court, is that the coverage question for both insurers can and will be resolved at one time based on a consistent determination of the facts, definitions and application of state law. This avoids the very real possibility and concern of inconsistent rulings between the federal and state court in the application of purely state law.

1     **Additional factors.** One additional factor recognized in *Dizol* is the convenience of the
2 parties. Right now Finlayson and Browns Point Chiropractic Center are faced with litigating
3 coverage issues in both federal and state court with the facts underlying the coverage issues
4 being the same. This is not a good use of resources or time.

5                                    **CONCLUSION**

6     The Court concludes that it should not exercise its discretionary jurisdiction under the
7 Declaratory Judgment Act. The issue between these parties is pending before a state court, the
8 state court will be in the best position to determine issues of state law, and it will be able to
9 resolve all the issues between the parties thus avoiding any inconsistent rulings. Finally, this
10 matter is before the court solely on the basis of diversity of citizenship. There is no compelling
11 federal interest or separate federal question before the Court. The *Brillhart* factors support the
12 declination of discretionary jurisdiction and the Defendants' motion to dismiss (ECF No. 29) is
13 GRANTED.

14     DATED this 14th day of January, 2011.

Karen L. Strombom
United States Magistrate Judge